UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
FOUAD AIZAH & DHKIRA AIZAH, : **MEMORANDUM**
: **DECISION AND ORDER**
Plaintiffs, :
: 12 Civ. 6020 (BMC)
- against - :
:
ERIC H. HOLDER, Attorney General of the :
United States, et al., :
:
Defendants. :
------------------------------------------------------------ X

**COGAN**, District Judge.

      Plaintiffs brought this action seeking a writ of mandamus compelling the Government to take action concerning the plaintiff-wife's immigration status. Plaintiff-husband is a naturalized U.S. citizen born in Yemen. In 2006, he filed a Form I-130 petition with the U.S. Customs and Immigration Services ("USCIS") on behalf of his wife which was approved in 2007 and forwarded to the U.S. Embassy in Yemen. In 2010, plaintiff-wife filed an application for an immigration visa with the U.S. Embassy in Yemen. The complaint alleges that the I-130 petition was approved but no further action was taken and the complaint seeks to compel such further action as to both the I-130 petition and the visa application.

      The Government has moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Plaintiff has not opposed the motion. It appears from the Government's motion that subsequent to the commencement of this action, USCIS revoked the approval of the I-130 petition at the request of the U.S. Embassy in Yemen on the ground that plaintiff-husband had failed to prove that his marriage to plaintiff-wife was not polygamous. The U.S. Embassy

also denied the visa application, first in 2010 because of a lack of credible proof that plaintiff-husband's marriage to plaintiff-wife was not polygamous, and again in 2012 because plaintiff-wife did not have a labor certification.

Although all of the grounds asserted in the Government's motion are correct, the Court need go no further than the Government's argument that the claims stated are moot.  This Court cannot mandate that USCIS adjudicate the I-130 petition when, in fact, it has already adjudicated the I-130 petition twice – first in 2007 when it approved the petition and again on February 28, 2013 when it revoked that approval.  See Lihua Jiang v. Clinton, No. 08-CV-4477, 2011 WL 5983353, at *3 (E.D.N.Y. Nov. 28, 2011) ("Plaintiff's claim is thus moot insofar as it seeks a writ of mandamus to order Defendants to perform duties they have already performed.").  Similarly, the Court cannot mandate that the U.S. Embassy in Yemen adjudicate a visa application that the Embassy has already adjudicated and twice denied.  Plaintiffs may still seek administrative relief, but, because their claims are moot, this Court is without jurisdiction.  Id.

Accordingly, the Government's motion to dismiss [9] is granted and the action is dismissed.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
         March 27, 2013